Selma Katz, Respondent, *v.* Max Weinschelblatt and Another, Appellants.

Second Department, May 16, 1924.

Mortgages — foreclosure of purchase-money mortgage — defense that mortgagee had not taken action as agreed to make title marketable — judgment on pleadings cannot be given as reply raises issue — affidavits of plaintiff admit defense — reply stricken out as sham with leave to serve amended reply setting up marketability.

In an action to foreclose a purchase-money mortgage in which the mortgagor interposed the defense that the mortgagee had not taken steps to secure a deed alleged to be necessary to make the title marketable, or taken any other action to remove unmarketability, a judgment on the pleadings in favor of the defendant cannot be granted where the reply raises an issue as to whether or not the mortgagee complied with the provisions of the agreement.

The reply will be stricken out as sham since it appears that the plaintiff admits failure to take steps contemplated by the agreement to make the title market-able, but since the affidavits presented by the plaintiff allege that the title was marketable at the time of the sale the plaintiff is given permission to serve an amended reply putting that question in issue.

APPEAL by the defendants, Max Weinschelblatt and another, from that part of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 13th day of December, 1923, which denies their motion for judgment on the pleadings and permits the service of an amended reply.

*Abraham Miles,* for the appellants.

*Michael M. Helfgott,* for the respondent.

Order of the County Court of Kings county affirmed, with ten dollars costs and disbursements, upon the opinion by TAYLOR, County Judge.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

The following is the opinion of the county judge:

TAYLOR, J.:

This is a suit to foreclose a purchase-money mortgage. The answer alleges as an affirmative defense that the plaintiff has failed to comply with certain special requirements contained in the bond and mortgage, to wit: " Question having been raised by the mortgagor as to the marketability of the title to a portion of the premises herein, it is agreed that the mortgagee shall within one year from this date procure a deed from the city to the portion of

the premises as is claimed by the mortgagor to be questionable or take such other action so as to remove such unmarketability. The payments and interest on the mortgage to remain in abeyance after the second payment thereunder has been paid, and until the expiration of said year and thereafter when the mortgagor shall have the right to cure said unmarketability and charge the expense thereof by deducting same from the payments thereafter to become due thereunder. The mortgagor agrees to sign and execute any and all papers which may be necessary to assist in the procurement of such deed or other necessity to dispose of the question of unmarketability raised by the mortgagor within five days after such papers are presented to him for signature and execution, without any expense or other obligation whatever to the mortgagor.'' The reply admits the clause just quoted and that the plaintiff refuses to procure and deliver to the defendants a deed from the city as therein provided. By way of denial, however, the reply raises an issue as to whether or not the plaintiff has refused or failed to carry out the alternative requirement that the mortgagee shall '' take such other action so as to remove such unmarketability.'' The defendant moves to strike out the reply as sham and frivolous or for judgment on the pleadings. The latter relief cannot be granted in view of the issue as to non-compliance with the alternative requirement, under which, instead of procuring a deed from the city, the mortgagee was permitted to remove the alleged unmarketability by other means. Nor can the reply be stricken out as sham unless falsity and absence of good faith be clearly established. The affidavit submitted in opposition to the motion shows that the mortgagee has failed to comply with either of the requirements for clearing the title. Standing alone, this would vitiate the issue raised by the pleading and entitle the defendant to an order striking out the reply as sham. But the affidavit goes further, and by way of avoidance alleges that it is unnecessary to clear the title for the reason that it is marketable. Non-compliance with the provision in question may, in view of the alternative provisions, be excused by evidence establishing marketability of the mortgaged premises. In the absence of a proper plea, however, the plaintiff will not be in a position to litigate that question, but must stand on her denial, which, as above stated, is sham. The other denials of the reply raise no issue for the reason that they relate to irrelevant matter. The motion to strike out the reply as sham is granted, with leave to the plaintiff upon payment of motion costs to serve an amended reply setting forth marketability as a defense by way of avoidance. In default of service of such amended reply, judgment for defendants on the pleadings will be ordered.